Douglas L. Oefinger, Doing Business as D.L.O. Imports of New York, Appellant, v New York State Police et al., Respondents.

Third Department, April 20, 1989

### APPEARANCES OF COUNSEL

*Walsh Maroney & Ponzini (Marianne Stecich* and *Brian D. Murphy* of counsel), for appellant.

*Robert Abrams, Attorney-General (John Q. Driscoll* and *Nancy A. Spiegel* of counsel), for respondents.

### OPINION OF THE COURT

Casey, J. P.

In September 1987 plaintiff, a licensed gunsmith and dealer in firearms, applied to the United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms (hereinafter BATF) for permission to transfer two machine guns and a firearm silencer to persons who could lawfully possess them in New York. BATF's request for an opinion on the propriety of that application from the New York Attorney-General was refused because BATF was not a State agency. The Attorney-General did inform BATF, however, that the State Police exercised authority over such matters. A letter from the counsel for the State Police to BATF advised that New York law does not allow dealers in firearms to sell or possess machine guns and firearm silencers or gunsmiths to sell them. Based on this letter, BATF denied plaintiff's application in December 1987.

Plaintiff then commenced this action for a declaratory judgment, claiming that as a dealer in firearms and/or as a gunsmith he is entitled to possess or dispose of machine guns and firearm silencers. In their answers, defendants maintained that Penal Law § 265.00 does not legally permit the relief which plaintiff sought. Defendants then moved for summary judgment, requesting a declaration that it is unlawful for a dealer in firearms and a gunsmith to possess or dispose of firearm silencers, that possession or disposition of machine guns by licensed dealers in firearms is unlawful, and that it is

also unlawful for a licensed gunsmith to dispose of machine guns. Plaintiff opposed this motion and cross-moved for a declaration that the relief sought by plaintiff was lawful. Supreme Court dismissed the complaint and declined to grant declaratory relief since plaintiff was not being threatened with prosecution. It was Supreme Court's opinion that this lack of a threatened prosecution would render any declaratory judgment an advisory opinion only. Plaintiff appeals.

■ We disagree with the denial of declaratory relief by Supreme Court. A declaratory judgment, while discretionary *(see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527), is particularly designed to adjudicate individual rights or interests before a wrong takes place, in order to avoid later litigation *(Klostermann v Cuomo,* 61 NY2d 525, 538). The need for such litigation of the concrete issues involved in this matter will be obviated by the grant of such relief *(see, Matter of Williams Press v Flavin,* 74 Misc 2d 1082, *affd* 44 AD2d 634, *affd* 35 NY2d 499). Furthermore, both parties to this appeal request this relief and we find it appropriate in the circumstances presented here.

■ Penal Law § 265.00 (8) defines a "gunsmith" and Penal Law § 265.00 (9) defines a "dealer in firearms". These definitions specifically prescribe the activities in which those persons or entities who are duly licensed for those businesses under Penal Law § 265.20 (a) (10) can lawfully engage. Applying the rule of statutory construction that states *expressio unius est exclusio alterius,* " 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' " *(Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240). It follows that inasmuch as subdivisions (8) and (9) of Penal Law § 265.00 contain no reference to firearm silencer possession and disposition by a "gunsmith" or a "dealer in firearms", such possession and disposition are not permissible (Penal Law § 265.02 [2]; § 265.10 [3]). We find no merit in plaintiff's contention that Penal Law § 265.20 (a) (10) provides an exemption for gunsmiths and dealers in firearms from all of the penalties provided by Penal Law article 265. The exemption provided by Penal Law § 265.20 (a) (10) permits gunsmiths and dealers in firearms to engage only in the activities prescribed in the definitions of those terms in Penal Law § 265.00 (8) and (9), for without such exemption the prescribed activities would be unlawful. Contrary to plaintiff's claim, however, the exemp-

tion cannot be construed to broaden and expand the statutory activities in which a gunsmith or dealer in firearms can lawfully engage.

By similar reasoning and applying the same statutory rule of construction, a "dealer in firearms" is not authorized to possess or in any other way deal in "machine guns" (Penal Law § 265.02 [2]; § 265.10 [3]). The definition of "firearm" contained in Penal Law § 265.00 (3) does not include "machine guns", which are separately defined in Penal Law § 265.00 (1). Again, contrary to plaintiff's contention, no exemption is provided in Penal Law § 265.20 (a) (10) for a licensed dealer in firearms to possess or dispose of machine guns to any individual who may lawfully possess them. The activities of licensed dealers in firearms are limited to pistols or revolvers (Penal Law § 265.00 [9]). As to licensed gunsmiths, the activities permitted by Penal Law § 265.20 (a) (8) in respect to machine guns applies only if they are the "manufacturer[s]" of machine guns. Since plaintiff is not such a "manufacturer" of machine guns, the statute has no application to him. Pursuant to Penal Law § 265.00 (8), a licensed gunsmith may engage in certain activities with respect to machine guns, but disposition is not one of those activities. Plaintiff's other contentions have been considered and found to be without merit.

WEISS, MIKOLL, LEVINE and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as failed to grant declaratory relief; it is declared that as a dealer in firearms, plaintiff cannot lawfully possess or dispose of firearm silencers and machine guns, and that as a gunsmith, plaintiff cannot lawfully dispose of machine guns and cannot lawfully possess or dispose of firearm silencers; and, as so modified, affirmed.